## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

_____

Bonnie Stanton,                              :

        Plaintiff,                    :    Hon. Joseph H. Rodriguez

        v.                            :    Civil Action No. 11-2525 (JHR-JS)

Deptford Township Board of Education,        :    **MEMORANDUM**
                                                  **& ORDER**

        Defendant.                    :

_____

This matter having come before the Court on the application of Richard L. Goldstein, Esquire, attorney for Defendant, Deptford Township Board of Education, for an Order to enforce settlement; and

On July 12, 2012, "it having been reported to the Court that the above-captioned action has been settled;" and

The Court having entered an order dismissing the action "without costs and without prejudice to the right, upon motion and good cause shown, within 60 days, to reopen this action if the settlement is not consummated;" and

The Order further stating, "If any party shall move to set aside this Order of Dismissal as provided in the above paragraph or pursuant to the provisions of Fed. R. Civ. P. 60(b), in deciding such motion the Court retains jurisdiction of the matter to the extent necessary to enforce the terms and conditions of any settlement entered into between the parties;" and

On December 4, 2012, Defendant having filed the instant application for the enforcement of the settlement agreement because Plaintiff has allegedly failed to provide the necessary settlement documents to Defendant's council; and

The Court lacking subject matter jurisdiction to hear Defendant's motion because the Court's Order of Dismissal did not incorporate the terms of the settlement, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381, 114 S. Ct. 1673, 128 L. Ed. 2d. 391 (1994) (holding that enforcement of a settlement agreement requires an independent basis for jurisdiction, but acknowledging ancillary jurisdiction if "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal -- either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order."); Shaffer v. GTE North, Inc., 284 F.3d 500, 503 (3d Cir. 2002) (finding "[c]ounsel having reported to the court that this action has been settled" insufficient incorporation to retain jurisdiction over settlement enforcement); In re Phar-Mor, Inc. Sec. Litig., 172 F.3d 270, 274 (3d Cir. 1999) (citing Miener v. Missouri Dep't of Mental Health, 62 F.3d 1126, 1128 (8th Cir. 1995) (deeming "mere reference" to a settlement not enough to retain jurisdiction over enforcement); and

The Court further noting that Defendants have not requested reinstatement of the action, which the Order's expired allowance of sixty days "to reopen this action if settlement is not consummated" may have permitted,[1] see Shaffer 284 F.3d at 504 (noting that a similar provision may have allowed for reinstatement of the suit within

---

[1] Moreover, Defendant has not identified any authority for the Court to set aside the 60 day limitation. See, e.g., Trian Group, Ltd. P'ship v. Accident and Cas. Ins. Co., Civ. No. 98-1026 (GEB), 2006 U.S. Dist. LEXIS 42931, at *6-7 (D.N.J. June 26, 2006) (setting aside an identical 60 day limitation order pursuant to Rule 60(b)).

sixty days, but an "entirely different relief" is sought through settlement enforcement); and

The Court also noting that Defendants' recourse may be to file a new action for breach of contract in state court, <u>see</u> <u>Brass Smith, LLC v. RPI Indus., Inc.</u>, 827 F. Supp. 2d 377, 380 (D.N.J. 2011) ("A settlement agreement is a contract, and a dispute over the settlement agreement is governed by state contract law."); accordingly,

**IT IS HEREBY ORDERED** on this 26th day of June that Defendant's Motion to Enforce Settlement [19] is **DENIED**.


  _s/ Joseph H. Rodriguez_____
HON. JOSEPH H. RODRIGUEZ,
United States District Judge