# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

_____ :

Jeffrey Bell,                                        :

        Plaintiff,                         :   Hon. Joseph H. Rodriguez

        v.                                     :   Civil Action No. 11-2525 (JHR-JS)

Ronnie Sandy and Karl Senula and
James Mehaffey and Steven Newsom
and Patrick Quinn and Sergeant Cora
and County of Gloucester,                 :        **OPINION**

        Defendants.                        :
_____


    This matter is before the Court on Defendants' motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  For the reasons that follow, the motion will be granted.

## I.  Background

    The following facts are taken from the Plaintiff's complaint, and, as such, the Court accepts them as true for the purposes of this Motion. On or about June 30, 2010, Plaintiff Jeffrey Bell began home electronic detention ("HED"). (Compl. ¶ 12.) The electronic device gave false readings indicating he had left the required area. (Compl. ¶ 13.) On or about July 19, 2010 he was "arrested" by Defendants James Mehaffey and Patrick Quinn "because they alleged falsely that the plaintiff had violated the conditions of his HED." (Compl. ¶ 14.) Thereafter, Plaintiff was incarcerated at Gloucester County Jail from July 19, 2010 to July 29, 2010, "in a cell infested with ants and filth, and on a bare mattress on the floor." (Compl. ¶ 15.) Moreover, Plaintiff was "subjected to assaults,

threats, and attacks by Gloucester County Corrections Officers." (Compl. ¶ 21.) Additionally, Defendant Lieutenant Steven Newsom had the opportunity, but did not make any effort to stop the officers from "inflicting excessive force upon the plaintiff."(Compl. ¶ 20.)

Specifically, on July 21, 2010, Defendant Ronnie Sandy battered him, "slamming him three times against a wall and door," causing lower back injury and pain. (Compl. ¶ 16.) Plaintiff was "subjected to cruel and unusual punishment" and denied proper medical attention. (Compl. ¶ 17.) Furthermore, on July 29, 2010, Defendant Sergeant Cora slammed Plaintiff against a wall, strip searched him, and told him that "if he 'eye-balled' Sergeant Cora, he would drag the plaintiff down to the first floor, and that he and the other officers would 'kick the shit out of him'." (Compl. ¶ 18.)

Plaintiff made a complaint to the internal affairs division of the jail, but no action was taken. (Compl. ¶ 19.) Instead, he was transferred, in retaliation, to a wing of the Mercer County Jail "where most of the other inmates were vicious young gang members." (Compl. ¶ 19.)

Plaintiff's counsel filed a New Jersey Torts Claim Act Notice on September 27, 2010 regarding his allegations of having been "battered by Officer Ronald Sandy . . . subjected to unsanitary living conditions . . . .exposed to mold in the prison bathrooms." (Def. Br. Mot. Dismiss, Ex. B, "New Jersey Torts Claim Act Notice.")[1] Thereafter,

---

[1] Federal Rule of Civil Procedure 12(d) states, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." However, the Third Circuit has recognized that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Here, Plaintiff has not challenged the authenticity of the document. Furthermore he created and submitted it to the

Plaintiff filed a complaint in this Court on July 19, 2012 asserting three causes of action

against Defendants Ronnie Sandy, Karl Senula, James Mehaffey, Steven

Newsom, Patrick Quinn, Sergeant Jerry Cora, and the County of Gloucester: (1) federal

civil rights violations, (2) violations of New Jersey common law, and (3) federal civil

rights violations by Gloucester County. (Compl. ¶ 22-24.) [2]

Defendants have now filed a motion for partial judgment on the pleadings. They

request dismissal of some of Plaintiff's claims of federal civil rights violations, all

common law claims of false arrest, false imprisonment, and malicious prosecution, and

the assault and battery claims in connection to the alleged July 29, 2010 incident.[3]

Plaintiff's counsel made four requests for extensions to respond to the motion. On

February 6, 2013, the Court denied without prejudice Plaintiff's latest request dated

February 5, 2013 because Plaintiff failed to indicate Defendant's position on the request,

as required under the Court's policy for such extensions. Plaintiff failed to re-file the

request properly noting the position of his adversary, yet still filed a brief in opposition

to defendant's motion on March 6, 2013, far past the deadline of January 22, 2013.

Therefore, the Court will consider Plaintiff's opposition for the limited purpose of

---

Gloucester County Jail, so notice is not at issue. See Id. ("The reason that a court must
convert a motion to dismiss to a summary judgment motion if it considers extraneous
evidence submitted by the defense is to afford the plaintiff an opportunity to respond.")
Therefore, the New Jersey Torts Claim Act Notice and its contents may be properly
considered in this motion for judgment on the pleadings.
[2] Plaintiff's complaint also included a fourth cause of action against Defendant
SecureAlert, the HED supplier, not at issue in this motion, based on allegations that the
company was "negligent, breached express and implied warranties, and is strictly liable
and liable to the plaintiff by operation of the New Jersey Product Liability Act." (Compl.
¶ 26.)
[3] The Court does not reach Plaintiff's other causes of action on which the Defendants
have not moved for dismissal.

defining his claims. To the extent that the Court is considering Plaintiff's opposition, it will not change the outcome of the motion.

## II. <u>Standard</u>

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings. Under Rule 12(c), judgment is proper when the movant clearly shows "that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." <u>Rosenau v. Uniford Corp.</u>, 539 F.3d 218, 221 (3d Cir. 2008) (citing <u>Jablonski v. Pan Am. World Airways, Inc.</u>, 863 F.2d 289, 290-91 (3d Cir. 1988)). When a motion under Rule 12(c) is based on a plaintiff's failure to state a claim upon which relief can be granted, it is reviewed under the same standard as a 12 (b)(6) motion to dismiss. <u>Turbe v. Government of the Virgin Islands,</u> 938 F.2d 427, 428 (3d Cir. 1991). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 556). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555).

### III.   Discussion

### A. First Cause of Action: Federal Civil Rights Violations

### 1. 42 U.S.C. § 1983

Plaintiff's constitutional claims are governed by 42 U.S.C. § 1983, which

provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute offers a civil remedy against any person who, under color

of state law, deprives another of rights protected by the United States Constitution.  See

Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992).  Indeed, it does not create

any independent substantive rights. See Kaucher v. County of Bucks, 455 F.3d 418, 423

(3d Cir. 2006) (citing Baker v. McCollan, 443 U.S. 137, 145, n. 3 (1979)).

Therefore, to state a cognizable claim under Section 1983, a plaintiff must allege a

"deprivation of a constitutional right and that the constitutional deprivation was caused

by a person acting under the color of state law."  Phillips v. County of Allegheny, 515

F.3d 224, 235 (3d Cir. 2008) (citing Kneipp v. Teder, 95 F.3d 1199, 1204 (3d Cir. 1996)).

A plaintiff must demonstrate two essential elements to maintain a claim under § 1983:

(1) that the plaintiff was deprived of "a right or privilege secured by the Constitution or

the laws of the United States" and (2) that plaintiff was deprived of her rights by a

person acting under the color of state law.  Williams v. Borough of West Chester, Pa.,

891 F.2d 458, 464 (3d Cir. 1989).

The Plaintiff properly pleads that defendants Ronnie Sandy, Karl Senula, James Mehaffey, Steven Newsom, Patrick Quinn, and Sergeant Cora "at all times relevant hereto acted under color of state law and within the scope of his employment and pursuant to his authority" of each of their positions. (Compl. ¶ 4-9.) Therefore, at issue is whether Plaintiff properly pleads a deprivation of a right as to each individual claim brought pursuant to the statute and challenged by Defendants.

### a. Malicious Prosecution

Plaintiff's first cause of action includes an allegation of malicious prosecution against Defendants. A malicious prosecution claim under Section 1983 requires a plaintiff show: "(1) the defendants initiated a criminal proceeding;(2) the criminal proceeding ended in the plaintiff's favor;(3) the proceeding was initiated without probable cause;(4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and(5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d. Cir. 2005) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003). Here, Plaintiff has not alleged that any criminal proceedings were initiated against him, without or without probable cause, or ended in his favor. Therefore, Plaintiff has failed to state a claim for malicious prosecution for which relief can be granted, and the motion for dismissal as to this claim will be granted.[4]

---

[4] Plaintiff's claim for common law malicious prosecution fails for the same reasons, since an action under that theory also requires a criminal proceeding without probable cause ending in the plaintiff's favor. See Myrick v. Resorts Int'l Casino & Hotel, 726A.2d 262, 266 (N.J. Super. App. Div. 1999) (quoting Lind v. Schmid, 67 N.J. 255, 337 A.2d 365 (1975)) (holding that a common law malicious prosecution claim requires "(1) that the criminal action was instituted by the defendant against the plaintiff, (2) that it was

## b. Fifth Amendment

Plaintiff's first cause of action also cites the Fifth Amendment as a basis. The Fifth Amendment protects citizens against the deprivation of "life, liberty, or property without due process of the law" by the government. U.S. Const. amend. V. However, the Fifth Amendment applies only to federal government action. Myers v. County of Somerset, 515 F.Supp.2d 492, 504 (D.N.J. 2007) (citing Nguyen v. U.S. Catholic Conference, 719 F.2d 52, 54 (3d Cir. 1983)). Here, Plaintiff's claim does not involve any federal officials, only allegations against state actors. Therefore, Defendants' motion is granted and any Fifth Amendment cause of action against Defendants is dismissed.

## c. Fourteenth Amendment

Plaintiff's complaint also alleges a civil rights violation pursuant to the Fourteenth Amendment. Defendants argue generally that "the Fourteenth Amendment claim should be dismissed in its entirety against all defendants." (Def. Br. Mot. Dismiss 8.) However, the Court will analyze only the specific grounds for Fourteenth Amendment claims that the Defense has argued should be dismissed; a sweeping dismissal of all Fourteenth Amendment claims will not be considered or reached.

Specifically, Defendants argue that any Fourteenth Amendment claim based upon alleged excess force should be dismissed because they should, instead, be analyzed under the Fourth Amendment. (Def. Br. Mot Dismiss 6.) Indeed, "if a constitutional claim is covered by a more specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." Betts v. New Castle

_____

actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff.")

<u>Youth Dev. Ctr.</u>, 621 F.3d 249, 260 (3d. Cir. 2010) (quoting <u>United States v. Lanier</u>, 520 U.S. 259, 272 n.7 (1997)). Therefore, the Court will dismiss any Fourteenth Amendment claim as to the Defendants based on the use of excess force.

Additionally, Defendants argue that any Fourteenth Amendment claim based on the Equal Protection Clause should be dismissed for failure to plead any facts in support of relief. A prima facie Equal Protection Clause claim requires that plaintiffs "prove that they were members of a protected class and that they received different treatment than that received by other similarly-situated individuals." <u>Oliveira v. Twp. of Irvington</u>, 41 Fed. Appx. 555, 559 (3d Cir. 2002) (citing <u>Keenan v. City of Philadelphia</u>, 983 F.2d 459, 465 (3d Cir. 1992)). Defendants are correct to point out that Plaintiff has put forth no facts that would support this allegation; he does not allege to be a member of any protected class and he makes no statement about the treatment of other prisoners or home electronic detention detainees. Therefore, any Fourteenth Amendment claim against Defendants based upon a violation of the Equal Protection Clause will be dismissed.

Defendants also seek dismissal of a procedural Due Process claim pursuant to the Fourteenth Amendment. A prima facie claim of procedural due process requires that a plaintiff allege that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 234 (3d Cir. 2006) (citing <u>Alvin v. Suzuki</u>, 227 F.3d 107, 116 (3d Cir. 2000)). Defendants argue that Plaintiff's procedural due process claim appears to be based on his removal from home electronic detention, and observes that there is no case law in support of this type of claim. (Def. Br. Mot. Dismiss 7.) However,

Plaintiff's complaint does not identify any interest encompassed in the Fourteenth Amendment that Defendants have deprived him of, nor does it claim that he was denied due process; it merely lists the Fourteenth Amendment as a basis for a civil rights violation. Thus, any analysis of Plaintiff's Fourteenth Amendment Claim pursuant to procedural due process is based on conjecture as to the claim's basis. Moreover, leave to amend the complaint appears futile, since Plaintiff's opposition to defendant's motion to dismiss abandons the claim. Therefore, the Court will dismiss any Fourteenth Amendment claim based on procedural due process.

### 2. 42 U.S.C. 1981

Plaintiff's first cause of action also alleges a violation of his civil rights under 42 U.S.C. § 1981 which Defendants move to dismiss as it is inapplicable.[5] Section 1981 provides for Equal Protection of the law for all, ensuring, "all persons within the jurisdiction of the United States . . . the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property *as is enjoyed by white citizens*, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981 (emphasis added). However, a Section 1981 claim requires proof of intentional discrimination. Chauhan v. M. Alfieri Co., 897 F.2d 123, (3d Cir. 1990) (citations omitted). Here, Plaintiff has not alleged any of the Defendants' actions were based on discrimination against him, racial or otherwise. In fact, Plaintiff's complaint does not even specify his race or the race of

---

[5] Plaintiff's first cause of action does not include the statute as a basis, however a list of statutes of which the "action is brought pursuant to" at the outset of the complaint includes it. (Compl. ¶ 1.)

any Defendants. Therefore, Plaintiff has failed to plead a civil rights claim under Section 1981, and Defendant's motion as to this claim will be granted, dismissing the claim.

### 3. 42. U.S.C. 1985 (3)

Plaintiff further alleges that Defendants "conspired by acting . . . with a common purpose to deprive the plaintiff of his rights" and cites 42 U.S.C. § 1985 (3) related to conspiracy as a basis for recovery. However, the Third Circuit recognizes that "a § 1985(3) claimant must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action' in order to state a § 1985(3) claim." <u>Farber v. City of Paterson</u>, 440 F.3d 131, 135 (3d Cir. 2006) (emphasis omitted) (quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971)). Here, Plaintiff's failure to attribute any of the Defendants' actions to a discriminatory animus towards any class of which he belongs requires this claim to also be dismissed.

### 4. 42 U.S.C. 1986

In further connection with the alleged conspiracy of the Defendants, presumably[6], Plaintiff brings a claim based on 42 U.S.C. § 1986. Section 1986 creates a cause of action against those "having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed[.]" 42 U.S.C. § 1986. Without a viable Section 1986 claim, a Section 1985 claim cannot survive. <u>See, e.g.</u>, <u>Kessler v. Mounsour</u>, 865 F.Supp. 234, 239-40 (M.D. Pa. 1994) (dismissing Section 1986 claims because the

---

[6]The Court notes that it applies a generous reading to Plaintiff's complaint, which does not directly connect the conspiracy to the Section 1986 or Section 1985 claims. As with the bulk of the claims, the Court and the Defendants are left guessing which allegation is the basis for claims pursuant to each statute.

related Section 1985 claim was dismissed). As described above, Plaintiff's complaint fails to plead a Section 1985 claim for which relief can be granted. Therefore, Plaintiff also does not plead a sufficient Section 1986 claim, and as such Plaintiff's claim is dismissed. [7]

2. **Second Cause of Action: Violations of New Jersey Common Law by the Defendants**

1. **False Arrest and False Imprisonment**

Plaintiff's second cause of action cites common law claims of false arrest and false imprisonment. False arrest and false imprisonment are different names for the same tort, not separate causes of action. Roth v. Golden Nugget Casino/Hotel, Inc., 576 F.Supp 262, 265 (D.N.J. 1983) (citing Price v. Phillips, 218 A.2d 167, 169 (N.J. Super. Ct. App. Div. 1966)). False arrest requires "(1) 'an arrest or detention of the person against his or her will" and (2) 'lack of proper legal authority or legal justification.'" Leang v. Jersey City Bd. of Educ., 969 A.2d 1097, 1117 (N.J. 2009) (quoting Megleski v. Oraboni, 748 A.2d 1130 (N.J. Super. Ct. App. Div. 2000)). While Plaintiff does claim that "defendants arrested the plaintiff for violating HED without probable cause" under his first cause of action, by his own account his electronic device "erroneously indicated that the plaintiff was not where he was supposed to be." (Compl. ¶ 22, Compl. ¶ 13.) Moreover, Defendant argues that "he cannot assert a false arrest claim since he was already confined to Home Electronic Monitoring." (Def. Br. Mot. Dismiss 5.) (citations omitted). Indeed, Plaintiff fails to provide any information about his home electronic

---

[7] Moreover, Plaintiff's Section 1986 claim must fail because, as Defendants also argue, "Plaintiff filed suit on July 19, 2012, or 2 years after the incident in dispute and one year after the statute of limitations period had expired." (Def. Br. Mot. Dismiss 10.) See 42 U.S.C. 1986 ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.")

detention sentence to establish that this arrest is without justification. Therefore, Plaintiff does not allege sufficient facts to demonstrate the plausibility of his false arrest and false imprisonment claim. Thus, Plaintiff has failed to state a claim for which relief can be granted, and Defendant's motion as to common law false arrest and false imprisonment will be granted, and the claim is dismissed.

### 2. <u>Alleged July 29, 2010 Assault and Battery</u>

Plaintiff's second cause of action also contains a general claim against Defendants for assault and battery. Defendants argue that because Plaintiff failed to file a timely notice of tort claim, the alleged July 29, 2010 assault and battery claim must be dismissed. Claims against public entities and employees, such as the county and law enforcement agents here, are governed by the New Jersey Tort Claims Act, which provides, "Except as otherwise permitted by this act, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or public employee or any other person." N.J.S.A. 59:2-1(a). Among the statute's requirements is that notice of the claim be given in accordance with the requirements of N.J.S.A 59:8-4. Moreover, notice of the claim must be given within ninety days of the accrual of a cause of action. N.J.S.A. 59:8-8. The statute allows for exceptions for late notice of claims of action, if they are requested within one year of the accrual of the cause of action. N.J.S.A. 59:8-9. However, Plaintiff has not filed an initial notice of claim or taken any subsequent action to file one late in regards to the alleged July 29, 2010 incident. Indeed, Plaintiff's September 27, 2010 notice makes no mention of Sergeant Cora, his alleged attacker on July 29, 2010. Almost two years have passed since the alleged incident, and to date a notice of claim has not been filed. Therefore, Plaintiff's common law assault and battery claim related to this incident is dismissed.

### 3. <u>Claims Against Defendants Mehaffey and Quinn</u>

Finally, Defendants Mehaffey and Quinn request dismissal of all claims against them because Plaintiff's complaint has not alleged sufficient conduct by them. Defendant argues that "where a civil rights cause of action lies based upon a constitutional violation, the individual defendant must have some alleged personal involvement in the actual deprivation of rights asserted." (citing <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005)). Here, Defendants Mehaffey and Quinn were the arresting officers on July 19, 2010; that is where their personal involvement with Plaintiff appears to end. As discussed above, the false arrest, false imprisonment, and malicious prosecution claims are dismissed, as is any Section 1985 (3) claim based upon a conspiracy among Defendants. Moreover, as Defendants observe, "there are no civil rights excess force and common law assault and battery claims pled against James Mehaffey and Patrick Quinn." (Def. Br. Mot. Dismiss 16.) Therefore, at this stage, it appears that all claims against Defendants Mehaffey and Quinn have been dismissed. However, Plaintiff's complaint did not clearly set out which claims were being brought against these Defendants. Thus, the Court dismisses all claims against Defendants Mehaffey and Quinn at this time without prejudice, with leave for Plaintiff to amend within 20 days if he wishes to pursue a claim that has not been dismissed against these defendants.

## IV. <u>Conclusion</u>

For the reasons stated above, Defendants' motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is granted.

An appropriate Order shall issue.

Dated: August 12, 2013

  s/ Joseph H. Rodriguez
HON. JOSEPH H. RODRIGUEZ,
United States District Judge